1  MICHAEL S. KUN (State Bar No. 208684)
2  BETSY JOHNSON (State Bar No. 119847)
   AARON F. OLSEN (State Bar No. 224947)
3  EPSTEIN BECKER & GREEN, P.C.
   1925 Century Park East, Suite 500
   Los Angeles, California 90067-2506
4  Telephone:  310.556.8861
   Facsimile:  310.553.2165
5  mkun@ebglaw.com
   bjohnson@ebglaw.com
6  aolsen@ebglaw.com

7  Attorneys for Defendants
   AMERICAN MEDICAL RESPONSE, INC.,
8  AMERICAN MEDICAL RESPONSE
   AMBULANCE SERVICE, INC., AMERICAN
9  MEDICAL RESPONSE OF INLAND EMPIRE,
   AMERICAN MEDICAL RESPONSE OF
10 SOUTHERN CALIFORNIA and AMERICAN
   MEDICAL RESPONSE WEST

11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14  VAUGHN BANTA,                    CASE NO. 03586

15              Plaintiff,           CV11- 03586 THN (AJWx)
                                     CLASS ACTION
16        vs.
                                     **NOTICE OF REMOVAL**
17  AMERICAN MEDICAL RESPONSE,
    INC., AMERICAN MEDICAL           Under 28 U.S.C. § 1332(d) [Class
18  RESPONSE AMBULANCE               Action Fairness Act Of 2005]; 28
    SERVICE, INC., AMERICAN          U.S.C. § 1441(a) and (b) [Federal
19  MEDICAL RESPONSE OF INLAND       Question]
    EMPIRE, AMERICAN MEDICAL
20  RESPONSE OF SOUTHERN             Formerly Los Angeles County
    CALIFORNIA, AMERICAN             Superior Court Case No. BC393113
21  MEDICAL RESPONSE WEST and        and JCCP No. 4604
    DOES 1 through 100 inclusive,    Judge Robert B. Freedman, Dept. 20
22
23              Defendants.

24  ///

25  ///

26  ///

27  ///

28  ///

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants AMERICAN MEDICAL RESPONSE, INC., AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE, AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA and AMERICAN MEDICAL RESPONSE WEST ("Defendants") hereby remove to this Court the state court action filed by Plaintiff VAUGHN BANTA ("Plaintiff") on behalf of himself and all similarly situated employees.

1.  Jurisdiction is invoked pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1453 and 1332(d), in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiff is a citizen of a state different than two of the Defendants, and the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## I.    PLEADINGS, PROCESS, AND ORDERS

2.  On or about June 23, 2008, Plaintiff initiated the above entitled action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles entitled <u>Vaughn Banta vs. American Medical Response, Inc.; American Medical Response Ambulance Service Inc.; American Medical Response of Inland Empire; American Medical Response of Southern California; American Medical Response West; and Does 1 through 100, Inclusive</u>, Case No. BC393113.  Declaration of Betsy Johnson ("Johnson Dec."), ¶ 22, Ex. A.

3.  The Complaint purported to state causes of action for:  (1) failure to pay overtime; (2) failure to provide meal breaks or premium compensation for missed meal breaks; (3) failure to provide rest breaks or premium compensation for missed rest breaks; and (4) failure to provide accurate itemized wage statements.  (Johnson Dec. ¶ 3, Ex. A.)

///

///

- 1 -

4.      Because Plaintiff's Complaint did not on its face set forth grounds for removal, Defendants could not and did not remove the action.  As explained more fully below, the action only became removable when Plaintiff submitted responses to Defendants' Request for Admissions that allowed Defendants to determine for the first time that the amount in controversy in this action exceeded $5,000,000. (Johnson Dec., ¶ 4.)

5.      Defendants filed a Motion to Strike portions of the Complaint and a Demurrer to the Complaint on or about July 25, 2008.  (Johnson Dec., ¶ 5, Exs. B & C.)

6.      On July 29, 2008, the action was designated as non-complex by a Minute Order issued by the Superior Court. (Johnson Dec., ¶ 6, Ex. D.)

7.      On August 7, 2008, Plaintiff filed a First Amended Complaint ("FAC").  The FAC was entitled <u>Vaughn Banta vs. American Medical Response, Inc., American Medical Response Ambulance Service Inc., American Medical Response of Inland Empire, American Medical Response of Southern California, American Medical Response West and Does 1 through 100 inclusive,</u> Case No. BC393113. (Johnson Dec. ¶ 7, Ex. E.)

8.      The FAC purported to state causes of action for:  (1) failure to pay overtime; (2) failure to provide meal breaks or premium compensation for missed meal breaks; (3) failure to provide rest breaks or premium compensation for missed rest breaks; and (4) failure to provide accurate itemized wage statements. (Johnson Dec. ¶ 8, Ex., E.)

9.      Because the FAC did not on its face set forth grounds for removal, Defendants could not and did not remove the action.  (Johnson Dec. ¶ 9, Ex. E.)

10.     Defendants filed a Demurrer to the FAC and a Motion to Strike portions of the FAC on September 11, 2008. (Johnson Dec., ¶ 10, Exs. F & G.)

///

///

- 2 -

11.     On September 22, 2008, the Court issued a Notice of Ruling and on October 22, 2008, the Court issued a Notice of Minute Order and Initial Status Conference Order. (Johnson Dec., ¶ 11, Exs. H & I.)

12.     Defendants filed a Notice of Related Case on March 2, 2009 and April 10, 2009.   The Notices explained that this action was related to Laura Karapetian v. American Medical Response, Inc., et al., Los Angeles County Superior Court, Case No. BC405195 ("Karapetian"), which was filed on January 8, 2009. (Johnson Dec., ¶ 12, Ex. J.)

13.     On March 13, 2009, the Court issued a Minute Order Re: Related Case and a Notice of Ruling on March 19, 2009. (Johnson Dec., ¶ 13, Ex. K.)

14.     On August 27, 2009, Defendants filed a Notice of Petition for Coordination of Actions.   The Court issued an Order staying the action pending a determination on Defendants' Petition. (Johnson Dec., ¶ 14, Exs. L & M.)

15.     On September 25, 2009, the Judicial Council ordered that this action should be coordinated with Karapetian, as well as with Laura Bartoni, et al. v. American Medical Response, Inc., et al., Alameda County Superior Court Case No. RG08382130 ("Bartoni"), filed on April 16, 2008.   Subsequently, these cases were all coordinated with a fourth action entitled Melanie Aguilar v. American Medical Response, Inc., et al., Los Angeles County Superior Court Case No. BC433224 ("Aguilar"). (Johnson Dec., ¶ 15, Ex. N.)

16.     On or about March 30, 2010, Plaintiff was granted leave to file a Second Amended Complaint ("SAC") in the above-entitled action in the Superior Court of the State of California for the County of Alameda by filing a complaint therein entitled Vaughn Banta vs. American Medical Response, Inc., American Medical Response Ambulance Service, Inc., American Medical Response of Inland Empire, American Medical Response of Southern California, American Medical Response West and Does 1 through 100 inclusive, No. JCCP 4604. (Johnson Dec., ¶ 16, Ex. O.)

- 3 -

FIRMWEST:2121865v1

Banta v. American Medical Response, Inc., et al.
NOTICE OF REMOVAL

17.    In the SAC, Plaintiff seeks to represent all current and former "Field Employees" employed by Defendants. (Johnson Dec. ¶ 17, Ex. O at ¶ 25.)

18.    The SAC purports to state causes of action for:  (1) failure to pay overtime; (2) failure to provide meal breaks or premium compensation for missed meal breaks; (3) failure to provide rest breaks or premium compensation for missed rest breaks; and (4) failure to provide accurate itemized wage statements. (Johnson Dec.¶ 18, Ex. O.)

19.    Because Plaintiff's SAC did not on its face set forth grounds for removal, Defendants could not and did not remove the action.  (Johnson Dec., ¶ 19.)

20.    Defendants filed a Demurrer to the SAC on July 26, 2010 on the grounds that the SAC did not define a readily ascertainable or identifiable class of individuals.  Nowhere in the SAC is the phrase "Field Employees" defined, and Plaintiff's counsel conceded that he did not know what job classifications the putative class set forth in the SAC included.  (Johnson Dec., ¶ 20, Exs. P & Q at pp. 6:25-28 through 7:1-26.)

21.    Plaintiff filed an Opposition to the Demurrer on August 16, 2010, and Defendants filed a Reply on August 20, 2010.  The Court overruled the Demurrer on August 27, 2010.  (Johnson Dec., ¶ 21, Exs. R & S.)

22.    Defendants answered the SAC on September 3, 2010.  (Johnson Dec., ¶ 22, Ex. T.)

23.    Exhibits A-T represent the process, pleadings and orders served and filed on and by Defendants relating to the original Complaint, the FAC and SAC filed in the Superior Court. (Johnson Dec., ¶ 23.)

24.    On or about January 6, 2011, each Defendant served separate Requests for Admissions on Plaintiff. (Johnson Dec., ¶ 24, Exs. U-Y.)

25.    On April 4, 2011, Plaintiff responded to each of Defendants' Requests for Admissions. (Johnson Dec., ¶ 25, Exs. Z-DD.)

1       26.    In his responses, Plaintiff admits that there is more than $5,000,000 in

2   controversy for each Defendant.  (Johnson Dec., ¶ 26, Exs. Z-DD, Response to

3   Request for Admissions No. 1.)

4       27.    In his responses, Plaintiff admits that there are more than 100 putative

5   class members in this action.  (Johnson Dec. ¶ 28, Exs. Z-DD, Response to Request

6   for Admissions No. 2.)

7       28.    As discussed more fully below, Plaintiff's responses to Defendants'

8   Requests for Admissions allowed Defendants to determine, for the first time, that

9   there is more than $5,000,000 in controversy in this action.  (Johnson Dec. ¶ 27.)

10   **II.    BASIS FOR REMOVAL**

11       29.    This action is a civil action of which this Court has original

12   jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the

13   United States District Court by Defendants pursuant to the provisions of 28 U.S.C.

14   §§ 1332(d), and 1453 in that it is a purported class action in which there are more

15   than 100 putative class members, it is between citizens of different states, and the

16   amount in controversy exceeds the sum of $5,000,000, exclusive of interest and

17   costs.

18       30.    As alleged more fully below, this Court has original jurisdiction under

19   CAFA over all claims brought by Plaintiff.  Because Plaintiff's action could have

20   been filed in this Court, Defendants may remove it pursuant to 28 U.S.C. § 1441.

21   CAFA was enacted to expand federal jurisdiction over purported class actions.  It

22   provides that a purported class action may be removed in accordance with 28

23   U.S.C. § 1446 if:  (a) membership in the putative class is not less than 100; (b) any

24   member of the plaintiff class is a citizen of a foreign country or a state different

25   from any Defendants; and (c) the aggregate amount in controversy exceeds

26   $5,000,000.  28 U.S.C. §§ 1332(d), 1453(b).  All of these criteria are satisfied here.

27   ///

28   ///

A.   **Class Size**

31.   CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)(B)) is satisfied here because the putative class has more than 100 members.

32.   In his SAC, Plaintiff seeks to represent all current and former "Field Employees" employed by Defendants at any time from June 23, 2004 until resolution of this action in Los Angeles, San Diego, Orange, Santa Barbara, Ventura, Imperial, Riverside, and San Bernardino Counties.  The SAC does not define the term "Field Employees."  (Johnson Dec., ¶ 17, Ex. O, SAC ¶ 25.)

33.   Although the identity of the putative class remains unknown, in response to Defendants' Request for Admissions No. 2, Plaintiff admits that there are more than 100 persons in the putative class.  (Johnson Dec., ¶ 28, Exs. Z-DD.)

B.   **Citizenship**

34.   CAFA's requirement that any one member of the proposed class be a citizen of a state different from any Defendants (28 U.S.C. § 1332(d)(2)(A)) is also satisfied here.

35.   Defendants are informed and believe that Plaintiff was, at the time of filing of this action, and still is, a citizen of the State of California.  (SAC ¶ 1.)

36.   Defendant American Medical Response, Inc. was at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware, and has its principal place of business in Greenwood Village, Colorado. It has no employees in California.  Defendant American Medical Response, Inc. is, therefore, a citizen of Delaware and Colorado.   (Declaration of Julie Mederos ("Mederos Dec."), ¶ 3.)

37.   Defendant American Medical Response Ambulance Service, Inc. was at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware, and has its principal place of business in Greenwood Village, Colorado.   It has no employees in California.   Defendant American

- 6 -

1  Medical Response Ambulance Service, Inc. is, therefore, a citizen of Delaware and
2  Colorado.  (Mederos Dec., ¶ 4).

3       38.    The requirements for diversity jurisdiction under 28 U.S.C. § 1332
4  and 1441(a) and (b) are met because Plaintiff and Defendants American Medical
5  Response, Inc. and American Medical Response Ambulance Service, Inc. are
6  citizens of different states.

7       **C.    <u>Amount In Controversy</u>**

8       39.    CAFA's requirement that the aggregate amount in controversy
9  exceeds $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2)), is
10 satisfied here as well.    Although Defendants dispute liability and damages,
11 Plaintiff's responses to Defendants' requests for admissions establish that there is
12 more than $5,000,000 in controversy in this action.

13      40.    The Complaint, FAC and SAC are silent as to the amount of damages
14 claimed.  The failure of a complaint to specify the amount of damages sought by
15 plaintiff does not deprive this Court of jurisdiction.  See, <u>White v. J.C. Penney Life</u>
16 <u>Ins. Co.</u>, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (Defendants may remove suit to
17 federal court notwithstanding the failure of plaintiff to plead a specific dollar
18 amount in controversy; if the rules were otherwise, "any Plaintiff could avoid
19 removal simply by declining . . . to place a specific dollar claim upon its claim.")
20 Because the Complaint and FAC are silent as to the amount in controversy,
21 Defendants need only establish by a preponderance of evidence that Plaintiff's
22 claim exceeds the jurisdictional minimum.  <u>Sanchez v. Monumental Life Ins. Co.</u>,
23 102 F.3d 398, 404 (9th Cir. 1996); <u>Singer v. State Farm Mutual Auto. Ins. Co.</u>, 116
24 F.3d 373, 376 (9th Cir. 1997).

25      41.    Defendants served discovery upon Plaintiff in an attempt to obtain
26 information about his claims, including the amount in controversy.  (Johnson Dec.,
27 ¶ 24, Exs. U-Y.)
28 ///

FIRMWEST:2121865v1                                    *Banta v. American Medical Response, Inc., et al.*
                                                           NOTICE OF REMOVAL

42.   On April 4, 2011, Defendants received Plaintiff's responses, which provided information demonstrating for the first time that the amount in controversy in this case exceeds $5,000,000. In Plaintiff's responses to each of the Defendants' Request for Admissions No. 1, Plaintiff admits for the first time that the amount in controversy exceeds $5,000,000. (Johnson Dec., ¶ 25, Exs. Z-DD.)

## III.   VENUE

43.   This is the District Court of the United States for the district embracing the place where the state court action was filed, and is, therefore, the appropriate court for removal.

## IV.   TIMELINESS OF REMOVAL

44.   This Notice of Removal is being timely filed within 30 days of April 4, 2011, the date on which Defendants received Plaintiff's responses to Defendants' Requests for Admissions in which Plaintiff first provided information revealing for the first time that the case was removable.

45.   Removability under 29 U.S.C. § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first 30 day requirement is triggered by Defendants' receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is not removable at that stage. In such case, "the notice of removal may be filed within thirty days after the Defendants receive 'an amended pleading, motion or other paper' from which it can be ascertained from the face of the document that removal is proper." Harris v. Bankers Life and Casualty Company, 425 F.3d 689, 694 (9th Cir. 2005). Discovery responses may serve as papers within the meaning of section 1446(b) of informing Defendants that the case is no longer ambiguous

///

///

///

- 8 -

1  and is consequently removable. <u>Eyak Native Vill. v. Exxon Corp.</u>, 25 F.3d 773,

2  779 (9th Cir. 1994).

3      46.   For all of the foregoing reasons, this Court has original jurisdiction

4  under 28 U.S.C. §§ 1332 and 1441(b).

5

6  DATED:  April 25, 2011          EPSTEIN BECKER & GREEN, P.C.

7

8                      By: _____

9                      Michael S. Kun

10                     Betsy Johnson

                       Aaron F. Olsen

11                     Attorneys for Defendants

AMERICAN MEDICAL RESPONSE,

12                     INC., AMERICAN MEDICAL

RESPONSE AMBULANCE

13                     SERVICE, INC., AMERICAN

MEDICAL RESPONSE OF INLAND

14                     EMPIRE, AMERICAN MEDICAL

RESPONSE OF SOUTHERN

15                     CALIFORNIA and AMERICAN

MEDICAL RESPONSE WEST

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 3586 JHN (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.